UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: | Case No: 18-30233 |
|     Justin Rinderle | Chapter 13 |
|         Plaintiff/Debtor. | |
|     V. | ADV. PRO.: |
| U.S. Department of Education<br>℅ FedLoan Servicing<br>Attention: Bankruptcy<br>Po Box 69184<br>Harrisburg, PA 17106 | Judge Gustafson<br><br>**DEBTOR'S COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT PURSUANT TO 11 U. S. C.523(a)(8)** |

AND

AES
American Education Services
P.O. Box 2461
Harrisburg, PA 17105-2461

AND

Navient CFC
C/o Statutory Agent :
CORPORATION SERVICE COMPANY :
50 WEST BROAD STREET, SUITE1330
COLUMBUS OH 43215

AND

Navient PC Trust
c/o Statutory Agent :
CORPORATION SERVICE COMPANY
50 WEST BROAD STREET, SUITE1330
COLUMBUS OH 43215

AND

National Collegiate Student Loan Trust
c/o First Marblehead Data Services, Inc.
The Prudential Tower
800 Boylston Street, 34th Floor
Boston, Massachusetts 02199-8157

# DEBTOR'S COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT PURSUANT TO 11 U. S. C.523(a)(8)

Plaintiff/Debtor Justin Rinderle ("Debtor") and for his Complaint for the Dischargeability of Claims held by FedLoan Servicing, Navient CFC, Navient PC Trust (collectively "Defendants") states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Debtor/Plaintiff Justin Rinderle is the Debtor in the underlying Chapter 13 Petition and is a natural person residing in the City of Celina, County of Mercer, State of Ohio.
2. The U.S. Department of Education is the owner of federal loans serviced by FedLoan Servicing.
3. American Education Services (AES) was established by the Pennsylvania Higher Education Assistance Agency (PHEAA) to guarantee and service a variety of federal and private student loans.
4. Navient CFC is a Delaware Corporation that owns and services private student loans debt across the Country, including debt(s) owed by the Debtor.
5. Navient PC is a Delaware Corporation that owns and services private student loans debt across the Country, including debt(s) owed by the Debtor.
6. National Collegiate Student Loan Trust is a Delaware Statutory Trust that owns and services private student loans debt across the country, including debt(s) owed by the Debtor.
7. This Court has jurisdiction over this proceeding pursuant to 28 U. S. C. § 157 and 11 U. S. C. § 523. This is a core proceeding under 28 U. S. C. § 157(6)(2)(T).
8. This Complaint seeks to determine the dischargeability of Debtor's student loan obligations pursuant to 11 U. S. C. 523(a)(8).

9. Venue is proper in this District as the Bankruptcy was filed in this District and substantial part, if not, all of the events or omissions giving rise to Debtor's Complaint occurred in this District.

## FACTUAL BACKGROUND

10. Debtor filed his petition for relief under Chapter 13 of Title 11 of the United States Code ("Petition") on January 31, 2018 in the United States Bankruptcy Court for the Northern District of Ohio Western Division at Toledo.

11. Debtor has not yet received his discharge as the Chapter 13 Plan is for 60 months.

12. Prior to the filing of this Complaint and his Petition, Debtor obtained multiple unsecured loans between 2006 and 2007 which are now owned and serviced by Defendants as noted below. These loans are listed on Schedule F of his Petition, Lines 4.1 through 4.14 and include the following loans:

> **Line 4.1: Account number ending in 0002, total amount owed believed to be $54,011.00;**
>
> **Line 4.4: FedLoan Servicing, account number ending in 0003, total amount believed to be $29,980; and**
>
> **Line 4.5: National Collegiate, account number ending in 0001, total amount believed to be $33,602.00; and**
>
> **Line 4.6: Navient, account number ending in 2115, total amount believed to be $25,448.00; and**
>
> **Line 4.7: Navient, account number ending in 5575, total amount believed to be $25,589.00; and**
>
> **Line 4.8: Navient, account number ending in 5576, total amount believed to be $4,649.00.**
>
> See Dkt. No. l.

## BACKGROUND

13. Between 2006 and 2007, the Debtor received the above student loans to attend Corinthian Colleges - Wyotech at the Pennsylvania campus.

14. Recently, the U.S. Department of Education announced it will discharge all remaining federal student loans borrowed to attend any campus owned or operated by Corinthian Colleges Inc. (Corinthian) from its founding in 1995 through its closure in April 2015. The discharge is based on findings that Corinthian misrepresented job placement rates in programs across the country. The U.S. Department of Education also found that the company misrepresented to borrowers who attended its Everest, Heald College, or WyoTech campuses about their ability to find a job using their Corinthian degree.

## DECLARATORY RELIEF

15. The Debtor realleges the foregoing paragraphs as if fully rewritten herein.
16. 22 U. S. C. § 2201 allows this Court, within its jurisdiction, to declare the rights and other legal relations of any interested party seeking such declaration, whether further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be renewable as such. 22 U. S. C. § 2201.
17. Fed. R. Bankr. R. 7001(9) allows for an adversary proceeding to be used to obtain a declaratory judgment pursuant to Fed. R. Bankr. 7001(1) through (8).
18. This matter is a proceeding to determine the dischargeability of a debt pursuant to Fed. R. Bankr. R. 7001(6).
19. Based on the allegations above, all of Debtor's obligations to the Defendants are not educational loans as defined by 11 U. S. C. § 523(a)(8)(B) as none of loans are qualified education loans as defined by section 221(d)(1) of the Internal Revenue Code. Specifically, Debtor was induced by fraud and misrepresentation to attend Corinthian College.
20. Based on the allegations and findings regarding Corinthian College by the U.S. Department of Education, all of the Debtor's obligations to the Defendants are not loans as defined by 11 U. S. C. § 523(a)(8)(A)(1) as the loans should no longer be considered non dischargeable student loans.

21. The Debtor requests that this Court declare all of Debtor's loans borrowed to attend a Corinthian College be dischargeable and not subject to 11 U. S. C.§523(a)(8)(ii).

WHEREFORE Debtor Justin Rinderle respectfully requests an Order from this Court declaring all of his obligations owed to Creditors U.S. Department of Education, AES, FedLoan Servicing, National Collegiate Student Loan Trust, and Navient to be dischargeable and not subject to 11 U. S. C. § 523(a)(8) and for any further relief this Court deems just and equitable.

Respectfully submitted,

/s/ Scott A. Ciolek
Scott A. Ciolek (OH-0082779)
Attorney for Debtor
Ciolek LTD.
901 Washington St.
Toledo, OH 43604
info@counselor.pro
(419) 740-5935
(866) 890-0419 Fax